The opinion of the Court was delivered by

Mr. Justice Colcock.
I can discover nothing in the nature of this action, or in the doctrine on the subject of replevin, either under the various statutes, or under the common law, which will make the action of replevin an exception to the general rule, that where a plaintiff dies the suit abates; see Chitty, 436. It is an action of trespass, for tailing goods, which the plaintiff alleges were *132 Jris, and were illegally taken. Now the merits of a case have1 nothing to do with a question of abatement. Whether the facts' alleged were true or not, the court cannot determine in this Collateral manner. When the plaintiff replevies his goods, he gives bond to prosecute his suit or redeliver the goods dis-trained. The goods are restored and the parties placed in the same situation in which they were before the distress. The defendant loses no right by the abatement of the action; he is only in the situation of any other person prosecuting a right. By the death of his opponent he is delayed, and I can discover no greater injury resulting to him than results in every other case of abatement. If an action be brought on his bond, no recovery can be had, for he cannot be non-suited after his death. “Plaintiff in replevin, having given a bond to prosecute his suit with effect, levied a plaint against the defendant, who obtained an injunction to stay proceedings until a certain day, on which the plaintiff in replevin died; it ivas adjudged that the plaintiff had prosecuted his suit with effect; there not having been either a 11011-suit or a verdict against him; and Holt, C. J. compared it to the case of a recognizance on a writ of error, which was to prosecute with effect; where, if the plaintiff was pot non-suited, nor the judgment affirmed, the recognizance was not forfeited.” Selwin N.P. 1117. So in the case of Cutfield vs. Coney at al. 2 Wilson’s Rep. 83; after plaintiff in replevin had declared, he died before the defendant had made any avow-ry, so that the suit was abated by the act of God; whereupon it was moved that the defendant have awritde retorno habendo. Bat the court decided that it would be unjust; for that writ could only be awarded oh a determination of the merits, and its being made to appear that the taking was lawful. This is hot like the case of Talvande vs. Cripps and others; there the defendants were substituted; but th.e case required no support from the peculiar nature of the action. It was a case where there were two defendants; and the death of one did not abate-'■the action. 1st. Chitty, 436’; at least this was my view of it,-
Cogdell Ss Gilchrist, for motion.,
-Priqhau, contra.
The motion is dismissed.
Ray, Gantt, Johnson, Justices, concurred»